Mr. Justice Clayton
delivered the opinion of the court. ‘
This case was formerly in this court, when it was remanded with directions that it should be transferred to the circuit court of the United States, upon Hill’s complying with the act of Congress. See 6 S. & M. 351. This order was not complied with on the part of Hill, and of consequence the case remained in the state court for trial.
The suit was against Hill in reality as executor de son tort, of Francis Tidwell, deceased, though the pleadings only speak of him as a rightful executor. A judgment was rendered against *690 him to be levied of the goods and chattels which were of the said Francis Tidwell, at the time of his death in the hands of the said defendant remaining to be administered, if so much thereof in his hands to be administered, if not, then of his own proper goods and chattels.
There is no bill of exceptions in the case. The only question therefore is, as to the propriety of this form of judgment. By the common law, an executor de son tort is only liable as a rightful executor would be, except that the former cannot retain for his own debt. He is consequently not liable beyond the assets which came to his hands, if he plead properly. He may therefore plead plena administravit. See 1 Williams on Ex’rs. 154; Glenn v. Smith, 2 Gill & Johns. 493. In this state no executor or administrator shall be chargeable beyond the assets of the testator or intestate, by reason of any omission or mistake in pleading. Hutch. Code, 657, § 57. We think this statute extends to executors de son tort, and that they are only liable for the amount of assets they may have received, notwithstanding an omission or failure to plead.
This judgment consequently is erroneous, because it authorizes an execution against the proper goods and chattels of Hill in the event there should not be assets of the decedent in his hands, sufficient to pay the judgment. There is nothing in the former decision in this case, which requires us to sanction this form of judgment.
■ For this error, the judgment will be reversed and entered here against the plaintiff in error, to be levied of the goods and chattels of the deceased which came to his haiids, and which have not been administered heretofore according to law. Hill v. Robinson, 2 S. & M. 544.
Judgment reversed.
A re-argument was applied for, but not granted.